FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 DEC -3 PM 1:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 03 1999

| | |
|---|---|
| WILLIAM BISHOP, II, on behalf of himself and others similarly situated ) ) ) | |
| Plaintiffs ) ) | |
| vs. ) ) | CASE NO. CV 99-JEO-291-NW |
| UNITED INSURANCE COMPANY OF AMERICA, et al ) ) ) ) | |
| Defendants ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard on defendants' objections to the Magistrate Judge's order regarding plaintiff's Motion to Remand filed on September 14, 1999.

While considering the motion, the court entered an order on October 14, 1999, requiring the parties to specifically address the allegations and evidence as they relate to Diane Flake (Flake).

The only allegation which the plaintiff references is the following:

Fraudulent Misrepresentation and Fraudulent Suppression: The complaint alleges in paragraph 7 that "United, through the defendant agent and others, sold its policies to insureds based on representations that it would pay amounts declared by each policy and United charged and collected premiums on these inducements."

This statement is not sufficient to allege that Flake made any misrepresentations. In effect, the allegation is that the policy was sold through Flake, but it does not allege that <u>she</u> made any misrepresentations. Any purported misrepresentations could have been made solely by United in documents or by "others."

1

20

While a stretch of this allegation might aid the plaintiff, the evidence cannot be so stretched. The following is the only purported evidence offered by plaintiff which bears on Flake:

Plaintiff had had conversations with Flake.

Flake was present when "Joyce" sold "them" the policies.

Again, plaintiff had talked to Flake.

Flake said that <u>she</u> couldn't understand why the "policies weren't paying the same on all three." That they "were supposed to."[1]

That she would check into it.

That Flake sold Ms Bishop a policy. That Flake told her she was checking on why policies didn't pay, but that she didn't know if they would do anything.

That Flake finally said "just give it up . . . . . you're going to have to accept it the way it is." Further "don't rock the boat. Just accept what they give you."

Stretching the claim in the complaint against Flake, it is that <u>she</u> represented what the policies would pay. There is no evidence, assuming she made such representations, that she <u>then</u> knew that the policies would not so pay. The evidence is to the contrary; that is, that she repeatedly said that the policies should so pay.

Further, the minimal evidence offered as to Flake does not relate even to a stretched interpretation of the allegation in the complaint. The evidence suggests a stretched complaint that Flake was unsuccessful in getting United to pay and that she, for a period, suggested that it should pay.

---

[1] Which is apparently what plaintiff alleges

2

There is other evidence, noted by defendant which suggests that Flake's role was even less than suggested by plaintiff. Primarily, that whatever representations that were made when the policies were sold were made by Joyce Crawley. The court will not fully state the testimony which is contrary to what plaintiff suggests. Plaintiff's own noted evidence does not create a possibility of recovery against Flake under the complaint.

The objection is sustained and the Motion to Remand DENIED.

DONE and ORDERED this 2nd day of December, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE